` IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM NEWELL                                                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:08cv6HSO-JMR

EDISON CHOUEST OFFSHORE, LLC.                                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon motion of the defendant to change the venue of this action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a)

After due consideration of the briefs of counsel, the evidence of record, the applicable law, and being otherwise fully advised in the premises, this Court finds that the motion is not well-taken and should be denied.

## FACTS

In the suit before this Court, Plaintiff , a resident of Jackson County, Mississippi  alleges that he was hired to work as a deckhand aboard the M/V AIRA CHOUEST on or about September 12,2006. On November 15-16,2006 , Plaintiff allegedly sustained a severe injury to his back. The vessel on which Plaintiff allegedly injured was located in the Gulf of Mexico or docked in Port Fouchon, Louisiana .The Defendant, Offshore Service Vessels, LLC  f /k/a/ Edison Chouset Offshore ,LLC (hereinafter "OSV") is a Louisiana limited liability company with its principal place of business in Galliano, Louisiana. All business records for the company are maintained in Galliano, Louisiana.Plaintiff thereafter filed suit in the Southern District of Mississippi against OSV under the Jones Act ( 46 U.S.C.App.§688) and general maritime law.

LAW

Venue is proper in a diversity action in the judicial district where all of the plaintiffs or all of the defendants reside or in the judicial district in which the claim arose. 28 U.S.C. 1391(a) Title 28 U.S.C. §1404 (a) provides in the relevant part:

> For the convenience of the parties and the witnesses and in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought...

As an alternative to dismissing an action without prejudice under the common law doctrine of forum non conveniens, Congress created a means by which a district court may order a change of venue or transfer a case for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. 1404 (1948). Section 1404 supersedes the common law doctrine of forum non conveniens and also broadens the discretion of the trial court from that which previously existed under the common law doctrine.

The factors utilized by the district court in making its decision under forum non conveniens have remained unchanged and are to be applied by the court when making a determination under § 1404. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Hartford Fire Ins. Co. v. Westinghouse Elec. Corp., 725 F. Supp. 317, 321 (S.D.Miss. 1989).

The Supreme Court explained that:

> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive . . . The court will weigh relative advantages and obstacles to fair trial . . . .
>
> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that

>ought not to be imposed upon the people of a community which has no relation to the litigation . . . There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case.

Id.

### A. AVAILABILITY AND CONVENIENCE OF PARTY AND NON-PARTY WITNESSES

One of the most significant factors in considering a Motion to Transfer a case pursuant to 28 U.S.C. §1404 (a) is the convenience of the party and non-party witnesses. Apache Products Co. v. Employers Ins., 154 F.R.D. 650, 653 (S.D. Miss. 1994); Sorrels Steel Co.,Inc. v. Great Southwest Corp., 651 F. Supp at 623,629; Paul v. International Metals Corp., 613 F. Supp 174,179 (S. D. Miss. 1985). In this matter, the parties have disclosed twenty -five witnesses, Eight witnesses appear to reside in Louisiana and seven witnesses reside in Mississippi. The other witnesses reside in Florida, Texas, Alabama, Ohio and Georgia. All of plaintiff's medical providers reside on the Mississippi Gulf Coast. Accordingly, plaintiff's choice of the United States District Court for the Southern District of Mississippi, Southern Division, would be more heavily weighted especially as his medical providers are located on the Mississippi Gulf Coast and would be more likely to be able to testify locally.

### B. EASE OF ACCESS TO PROOF

In addition, the ease of access to document. Defendant contends that all documents and the plaintiff's employment file are located in Galliano, Louisiana while plaintiff's medical records are located on the Mississippi Gulf Coast. As this matter does not appear to be document intensive ,the Court finds this factor should be not weighed heavily in consideration of the transfer of this suit. Sorrels, 651 F.Supp.at 629; Paul, 613 F.Supp at 179-180.

### C. AVAILABILITY OF COMPULSORY PROCESS

The availability of compulsory process to insure the attendance of an unwilling witnesses is an important consideration in a transfer decision. Sorrels, 651 F.Supp. at 629; Koehring Co. v. Hyde Constr.Co, 324 F.2d at 295 -296 (5th Cir. 1963); Fullman v. AAA Cooper Transportation Corp., 732 F.Supp at 54,55 (N.D.Miss.1990). All Defendant's employee witnesses who may be called as fact witnesses live in various locations and are split almost evenly between Mississippi and Louisiana. The Court opines that witnesses from Mobile, Alabama are within the subpoena power of the Court , the Court finds this issue will not be determinative. This Court has considered Rule 45 (b)(2) of the Federal Rules of Civil and interprets the hundred miles referenced in this Rule to be the most direct route between two points or "as the crow flies". As Plaintiff's medical providers reside and work in the Mississippi Gulf Coast clearly they would be more amenable to compulsory process.  Thus, the Southern Division would be the most convenient forum to litigate this matter.

### D. FACTORS OF PUBLIC DIFFICULTY

1.	Administrative Difficulties

There is no evidence that there is a significant difference of case load between the United States District Court for the Southern District of Mississippi, Southern Division and the caseload of the United States District Court for the Eastern District of Lousiana. Although as Hurricanes Gustav and Ike hit Louisiana more heavily then Mississippi, there is a potential for a more congested center of litigation in the Eastern District of Louisiana. However, it currently  appears that neither plaintiff or defendant will not be prejudiced by having this litigation "piled up in a more congested center". Hartford Fire Ins.Co., Supra, 725 F.Supp.at 321.

2. Jury Concerns

The accident occurred offshore or possibly in the Port Fourchon. and the action concerns a Louisiana company and a resident of Mississippi. The Court finds neither community would have a closer relationship with this litigation. Thus, this factor of public interest is not an issue in this matter.

### F. CONCLUSION

The above captioned case was originally filed in the United States District Court for the South District of Mississippi, Southern Division. The Court finds that consideration of the convenience of the parties and witnesses and the interest of justice requires that this case remain in this jurisdiction pursuant to 28 U.S.C. §1404(a) . Plaintiff has refuted defendant's allegations in this matter and has demonstrated that plaintiff would be prejudiced if this matter was transferred to United States District Court for the Eastern District of Louisiana.

Accordingly, it is the finding of this Court that defendant's Motion to Transfer this case to the United States District Court for the Eastern District of Louisiana, shall be and hereby is denied.

So ORDERED AND ADJUDGED, this the 19th day of September, 2008.

s/John M. Roper Sr.
UNITED STATES MAGISTRATE JUDGE